PER CURIAM.
L.B. appeals from an order of commitment pursuant to the Baker Act, section 394.467, Florida Statutes (2001). For the reasons that follow, we reverse.
Under most standards of review this case would be moot, as the appellant has been released from involuntary commitment. However, we are bound by the decision of the Florida Supreme Court in Godwin v. State, 593 So.2d 211 (Fla.1992), which held that an appeal from a civil commitment under the Baker Act does not become moot solely because the person subject to the order has been released. The court reasoned that collateral consequences of the commitment, specifically the possible imposition of liens and claims for unpaid fees, preserved a viable appeal. Godwin, 593 So.2d 211, 214. See also Swida v. State, 596 So.2d 670 (Fla.1992).
The record on appeal is devoid of any evidence to support the civil commitment. The evaluating physician, who did not speak Portuguese, formulated a diagnosis of appellant, who only spoke Portuguese, that included an apparently nonexistent disorder (“Black Diamond Parkinson’s”) and disorders that would have no bearing on the statutory factors enumerated in section 394.467 (“curvature of the spine”). None of the findings established that: 1) L.B. posed a real and present threat of substantial harm to her well-being; or 2) she was manifestly incapable of surviving even with the help of family; or 3) that there were no less restrictive alternatives. There was no finding that L.B. posed a threat of serious bodily harm to herself or another.
Having done our duty under Godwin, the order under review is REVERSED.